1  KRISTEN GARCIA DUMONT, State Bar No. 191554
   ERIN M. DOYLE, State Bar No. 233113
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  Email: kdumont@wsgr.com
   Email: edoyle@wsgr.com
6
   Attorneys for Defendant
7  M2 MEDICAL, INC.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 PHILIPPE Z. ZATTA,            )  CASE NO.: C08-01841 RS
                                 )
12          Plaintiff,            )  **DEFENDANT'S NOTICE OF
                                 )  MOTION AND MOTION FOR
13     v.                        )  MORE DEFINITE STATEMENT;
                                 )  MEMORANDUM OF POINTS AND
14 M2 MEDICAL, INC.,             )  AUTHORITIES IN SUPPORT OF
                                 )  SAME**
            Defendant.            )  **[F.R.C.P 12(e)]**
15                               )
                                 )  Date: July 2, 2008
16                               )  Time: 9:30 a.m.
                                 )  Dept.: Courtroom 4
17                               )  Before: Hon. Richard Seeborg
                                 )
18 _____ )

19

20          **NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT**

21     TO PLAINTIFF PHILIPPE ZATTA (IN PRO PER):

22     PLEASE TAKE NOTICE THAT ON July 2, 2008 at 9:30 a.m. or as soon thereafter as

23 the matter may be heard in the above-titled Court located at 280 South First Street, San Jose,

24 California, Defendant M2 Medical, Inc. will and hereby does move this Court, pursuant to Rule

25 12(e) of the Federal Rules of Civil Procedure, for an Order requiring Plaintiff to provide a more

26 definite statement of his claims. This Motion is made on the following grounds:

27     Plaintiff's Complaint is not clearly separated by causes of action, rendering it indefinite

28 and unintelligible such that Defendant cannot ascertain the nature of claims being asserted

1  against it or determine from the Complaint which allegations are intended to support which
2  claims.
3      This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points
4  and Authorities in support thereof, the records and files herein, all matters of which the Court
5  may take judicial notice, and on such evidence as may be presented at or before the hearing on
6  this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

    Defendant understands that Plaintiff intends to bring an employment discrimination action under Title VII of the Civil Rights Act of 1964.  However, as claims of discrimination can take many forms, courts have agreed that bringing claims under the umbrella of Title VII, without further specification of the type of claims alleged or the grounds upon which they are based, is insufficiently specific to merit a responsive pleading.  In his Complaint, Plaintiff purports to assert several different violations of Title VII, but fails to properly identify specific causes of action in the body of the Complaint, lay out the legal elements for those causes of action, or to designate which facts apply to which claims.  Plaintiff's unintelligible pleading makes it virtually impossible for Defendant to decipher or defend against the claims brought by Plaintiff.  Defendants have a right to have notice of the claims against them, so they may prepare a proper defense.  Accordingly, Defendant respectfully asks this Court, pursuant to Federal Rule of Civil Procedure 12(e), to grant its Motion for a More Definite Statement.

**II.  LEGAL ARGUMENT**

    A Rule 12(e) motion shall be granted where the complaint is so indefinite and unintelligible that the defendant cannot ascertain the nature of the claims being asserted. Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).  A court will find that a complaint is indefinite where it is not separated into distinct causes of action or where it is virtually impossible to know what allegations of fact are intended to support what claim(s) of relief.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (holding that a Rule 12 motion is appropriately granted where complaint not separated by causes of action and fails to

1  identify which facts apply to each cause of action); see also, Anderson v. District Bd. of
2  Trustees, 77 F.3d 364, 366 (11th Cir. 1996) (a defendant is expected to move the court, pursuant
3  to Rule 12(e), to require the plaintiff to file a more definite statement where multiple claims are
4  not set forth in separate counts).
5        Moreover, pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading
6  that states a claim for relief must contain "a short and plain statement of the claim showing that
7  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, Rule 10(b) requires that

> A party must state its claims . . . in numbered paragraphs, each limited so far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . .

11  Fed. R. Civ. P. 10(b).
12        Plaintiff's Complaint is not pleaded in accordance with the Rules of Civil Procedure,
13  even under the exceptionally liberal pleading standards afforded in pro per litigants. In the
14  jurisdictional section of his form "Employment Discrimination Complaint", Plaintiff generally
15  alleges that this action is brought pursuant to Title VII of the Civil Rights Act of 1964.
16  Complaint, ¶ 3. Plaintiff does not, however, specify which causes of action he is bringing under
17  the complex and detailed statute of Title VII. Further compounding matters, Plaintiff also
18  alleges what appear to be several separate transactions or occurrences, which suggests that he
19  does indeed intend to bring more than a single discrimination claim based on a isolated adverse
20  employment action.
21        For instance, Plaintiff alleges that the termination of his employment was discriminatory
22  with respect to race. Complaint, ¶¶ 4, 5. In describing the basic facts surrounding this claim of
23  discriminatory termination, however, Plaintiff alleges that he was harassed, that his supervisor
24  used racially offensive comments, that Plaintiff unsuccessfully complained about harassment to
25  various persons at the Company, that Plaintiff reported racial discrimination to the EEOC and
26  DFEH, and that Plaintiff was eventually terminated. Complaint, ¶ 6. It is nearly impossible to
27  ascertain from this commingling of circumstances what claims Plaintiff seeks to allege. If
28  Plaintiff seeks to allege harassment or retaliation claims in addition to an adverse action

1  discrimination claim, he should be required to bring such claims in separate counts. Causes of
2  action for discrimination, harassment, and retaliation are each separate claims, involving
3  different sets of operative facts, legal theories, and requirements of proof.
4        In <u>Hearne v. Welch & Allan</u>, No. CV 05-236-S-EJL, 2006 WL 22184 (D.Idaho, Jan. 4,
5  2006), the plaintiff brought an employment discrimination case against his former employer. In
6  his first cause of action, the plaintiff alleged a violation of Title VII and made allegations of both
7  sexual harassment and retaliation. In opposition to the employer's Rule 12(e) motion requesting
8  that the plaintiff amend his complaint and state his claims with more particularity, the plaintiff
9  maintained that his harassment and retaliation claims could be combined under one cause of
10 action because they were asserted pursuant to the same statute. The court rejected plaintiff's
11 argument and granted the employer's motion, finding that the plaintiff's complaint suffered from
12 a "mixing-of-claims" problem that violated Rule 8(a). The court stated that "Title VII, in its
13 entirety, contains the basis for many causes of action, including retaliation and many types of
14 sexual harassment [e.g., quid pro quo sexual harassment or sexual harassment creating a hostile
15 work environment]." <u>Id.</u> at *2; <u>see also</u>, <u>Byrne v. Alabama Alcoholic Beverage Control Bd.</u>, No.
16 2:06-CV-1084WKWWO, 2008 WL 694718 (M.D.Ala. March 12, 2008) (finding that complaint
17 must be amended where sex discrimination in violation of Title VII claim failed to sufficiently
18 identify whether claim was based on creation of hostile work environment or through a tangible
19 employment action).
20       Similarly, in the instant case, Plaintiff purports to assert separate claims under a single
21 cause of action for violation of Title VII. Plaintiff's indiscriminate grouping of allegations
22 makes it impossible for Defendant to reasonably respond on a claim-by-claim basis. As the court
23 explained in the <u>Hearne</u> case, a defendant "should not have to speculate or determine the nature
24 of the claims brought against [it] through inferences because Fed.R.Civ.P. 8(a) requires a short
25 and plain statement of the grounds alleged." <u>Id.</u> at *3. Here, Plaintiff does not allege separate
26 violations of Title VII such that Defendant can respond to the Complaint without speculating as
27 to what claims Plaintiff may be bringing.
28

1  In addition to providing sufficient notice such that Defendant can understand Plaintiff's claims and frame a responsive responding, Plaintiff should also be required to provide a more definite statement so as facilitate orderly proceedings in this matter.  As several courts have recognized, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  <u>Bautista</u>, 216 F.3d at 841; <u>Anderson</u>, 77 F.3d 364 at 366.  These considerations are perhaps of even greater consequence when one of the litigants is appearing in pro per, as in the instant case.  Indeed, counsel for Defendant has already attempted to meet and confer with Plaintiff regarding the claims set forth in his Complaint, to no avail.  Declaration of Erin M. Doyle, ¶ 2.  Plaintiff made clear that he has no interest in talking with defense counsel for any purpose other than settlement, and requested that defense counsel refrain from contacting him again unless it is to initiate settlement discussions.  <u>Id.</u>  Plaintiff's stated intentions underscore the need for Court intervention at this early stage, as it will be extremely difficult for the parties themselves to frame the issues in the course of discovery.  Ensuring that the Plaintiff's claims and their elements are clearly presented from the outset will assist both the parties and the court in future proceedings in this matter.

Defendant respectfully requests that this Court require Plaintiff to draft a complaint identifying each of the causes of action brought against the Defendant, and designating which facts support each of those causes of action.  <u>Bautista</u>, 216 F.3d at 841.  Without an intelligible complaint, Defendant will be severely prejudiced in its defense of this matter as it cannot even identify the claims brought against it, much less whether Plaintiff has stated claims against it as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Rule 12(e) Motion for a More Definite Statement.

Dated: May 12, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/S/_____
            Kristen Garcia Dumont
            kdumont@wsgr.com

Attorneys for Defendant
M2 MEDICAL, INC.

| | |
|---|---|
| 1 | KRISTEN GARCIA DUMONT, State Bar No. 191554 |
| | ERIN M. DOYLE, State Bar No. 233113 |
| 2 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 3 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 4 | Telephone: (650) 493-9300 |
| | Facsimile: (650) 565-5100 |
| 5 | Email: kdumont@wsgr.com |
| | Email: edoyle@wsgr.com |
| 6 | |
| | Attorneys for Defendant |
| 7 | M2 MEDICAL, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILIPPE Z. ZATTA,          ) CASE NO.: C08-01841 RS
                            )
    Plaintiff,           ) **[PROPOSED] ORDER**
                            )
  v.                        ) Date: July 2, 2008
                            ) Time: 9:30 a.m.
M2 MEDICAL, INC.,           ) Dept.: Courtroom 4
                            ) Before: Hon. Richard Seeborg
    Defendant.           )
                            )
_____)

    Defendant M2 Medical, Inc.'s Rule 12(e) Motion for a More Definite Statement came on regularly for hearing on July 2, 2008, the Honorable Richard Seeborg presiding. After consideration of all papers submitted and oral argument, and for good cause appearing, IT IS HEREBY ORDERED THAT:

    Defendant's Motion for a More Definite Statement pursuant to F.R.C.P. 12(e) is GRANTED.

    Plaintiff's Complaint is indefinite and unintelligible such that it is impossible to ascertain the nature of the claims being asserted. Plaintiff must prepare a complaint separated by causes of action and sufficiently clear to establish which allegations support each claim for relief. Fed. Rule Civ. P. 12(e); Fed. Rule Civ. P. 8(a); Fed. Rule Civ. P. 10(b).

1
2  Dated: _____, 2008
3
   _____
4  The Honorable Richard Seeborg
   United States Magistrate Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28