1

2

3

4                                                        **E-FILED on:    8/5/2008**

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                  SAN JOSE DIVISION

10

11    PHILIPPE Z. ZATTA,                      No. C-08-01841 RMW

12            Plaintiffs,

                                              ORDER DENYING M2 MEDICAL'S
13        v.                                  MOTION FOR MORE DEFINITE
                                              STATEMENT
14    M2 MEDICAL, INC.,
                                              **[Re Docket No. 7]**
15            Defendant.

16

17

18           Defendant M2 Medical, Inc. moves pursuant to Federal Rule of Civil Procedure 12(e) to

19    request that plaintiff Phillipe Z. Zatta file a more definite statement.  Mr. Zatta has not filed an

20    opposition to the motion.  The court has reviewed the motion and concluded that the matter is

21    appropriately decided without oral argument.  Civ. Local Rule 7-1(b).  For the following reasons, the

22    court denies the motion.

23                              **I.  PROCEDURAL HISTORY**

24           Mr. Zatta filed his complaint on April 7, 2008. *See* Docket No. 1. Mr. Zatta used the

25    Northern District's form complaint for employment discrimination disputes brought pursuant to Title

26    VII.  The interactive form complaint is available on the court's website.[1]  The court recommends the

27    _____

28    [1]
      http://www.cand.uscourts.gov/cand/form.nsf/fabb9caca4ef97cd88256d4a00591384/ad3a66898bb21
      10188256d4a0058f1fd?OpenDocument

      ORDER DENYING M2 MEDICAL'S MOTION FOR MORE DEFINITE STATEMENT — No. C-08-01841 RMW
      TSF

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

form complaint to *pro se* litigants in its Handbook for Litigants Without a Lawyer at pages 18 and 19. The handbook notes that "using the forms will probably make it easier for you to write your complaint."

The form complaint has eleven paragraphs that were properly filled out by Mr. Zatta. Paragraph 4 discloses the employment event that led to the plaintiff's lawsuit; Mr. Zatta checked "termination of my employment." Docket No. 1 ¶ 4. Paragraph 5 discloses the plaintiff's protected status; Mr. Zatta checked "my race or color." *Id.* ¶ 5.

In paragraph 6, the form complaint requires the plaintiff to disclose the "basic facts surrounding my claim of discrimination." Mr. Zatta filled the space by describing how he was harassed by his co-worker and how he complained to his superiors but received no response. *Id.* The co-worker Mr. Zatta accuses of harassing him then asked the company to "get rid of the Negro." *Id.* Mr. Zatta reported the incidents to the EEOC and California Department of Fair Housing and Employment. M2 Medical then terminated his employment on February 12, 2007. *Id.*

The remainder of the form complaint supplies necessary dates and other information. Mr. Zatta discloses that the discriminatory events occurred between January 17, 2007 and February 12, 2007. *Id.* ¶ 7. It discloses that the plaintiff contacted the EEOC on April 9, 2007 and that on January 24, 2008 he received his right-to-sue letter (which is attached). *Id.* ¶¶ 8, 9. Finally, Mr. Zatta requests a jury trial, *id.* ¶ 10, and prays for damages, *id.* ¶ 11.

On May 12, M2 Medical filed its motion for a more definite statement. M2 Medical also filed a declaration from its attorney noting that it was having difficulty communicating with Mr. Zatta. *See* Decl. of Erin Doyle, Docket No. 8 ¶ 2. Mr. Zatta declined to grant M2 Medical's request for an extension of time to file its answer because he "didn't want to do any favors[.]" *Id.* He also stated that he did not want to be contacted by counsel for M2 Medical unless it was "absolutely necessary" or to discuss settlement. *Id.*

## II. ANALYSIS

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement are disfavored, rarely

1  granted, and should be denied if the detail sought by the motion can be obtained through discovery.

2  *See* Schwarzer, Tashima, & Wagstaffe, CAL. PRAC. GUIDE, FED. CIV. PRO. BEFORE TRIAL, 9:356-

3  357 (The Rutter Group 2008). M2 Medical asserts that it cannot discern the basis for Mr. Zatta's

4  complaint because he does not list his separate claims in the familiar format. M2 Medical notes that

5  Mr. Zatta's narrative of the basis for his lawsuit appears to allege that he was harassed, retaliated

6  against, and terminated on the basis of his race – three distinct claims under Title VII. The court

7  finds that the complaint adequately notifies M2 Medical of the claims being brought against it. M2

8  Medical can file an answer to Mr. Zatta's complaint by admitting or denying the allegations in it.

9  The parties have a case management conference scheduled for September 19, 2008 and are

10  required to file their joint case management conference statement by September 12. Among other

11  things, that statement must describe the legal and factual issues in dispute.[2] It is "absolutely

12  necessary"[3] for Mr. Zatta to meet and confer with M2 Medical's attorneys regarding the preparation

13  of this document, and the court expects that the parties will cooperate in the preparation of a joint

14  case management conference statement.

### III.  ORDER

16  For the foregoing reasons, the motion for a more definite statement is denied. The August 8,

17  2008 hearing on this motion is vacated.

19  DATED:  _____8/5/2008_____

*Ronald M Whyte*
_____
RONALD M. WHYTE
United States District Judge

---

[2]  The standing order regarding the contents of joint case management conference statements is available online.
http://www.cand.uscourts.gov/cand/judges.nsf/700c1c62613a833e88256d48005fd21b/b11df354258
36aa488257290006d00fe?OpenDocument

[3]  As noted, Mr. Zatta apparently told counsel for M2 Medical that he did not want to be contacted unless "absolutely necessary" or for negotiating settlement. Mr. Zatta is advised that he is expected, and in fact required, to discuss with M2 Medical's counsel the matters required to be contained in a joint case management conference statement.

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Defendants:**

3  Erin M. Doyle                edoyle@wsgr.com
   Kristen Garcia Dumont        kdumont@wsgr.com

4

5  Counsel are responsible for distributing copies of this document to co-counsel that have not
   registered for e-filing under the court's CM/ECF program.

6

7  **Notice of this document has been mailed to:**

   **Plaintiff:**
8

9  Philippe Z. Zatta
   2967 Michelson Drive
   #G225
10 Irvine, CA 92612

11

12 **Dated:**    8/5/2008                            TSF
                                          **Chambers of Judge Whyte**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING M2 MEDICAL'S MOTION FOR MORE DEFINITE STATEMENT — No. C-08-01841 RMW
TSF                                                     4