```
1  ISRAEL G. RAMIREZ, ESQ.    State Bar No.: 176366
   RAMIREZ & ASSOCIATES
2  653 N. San Pedro St., Ste. C
   San Jose, CA  95110
3  (408) 947-7244 Telephone

4
   Attorneys for PHILIPPE ZATTA
5
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPPE ZATTA, | No. C08-01841 RS |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION, HARASSMENT AND RETALIATION [Title VII of the Civil Rights Act of 1964 as amended, The Civil Rights Act of 1991, 42 U.S.C. 1981, Government Code Section 12940(a)] |
| v. | |
| M2MEDICAL, INC. | |
| Defendant. | |

COMES NOW Plaintiff PHILIPPE ZATTA and complains against Defendants, and each of them, and demands a trial by jury on all issues, and for causes of action alleges:

### GENERAL ALLEGATIONS

### ALLEGING JURISDICTION AND VENUE

1. Plaintiff is informed and believes and thereupon alleges that at all pertinent times mentioned in this complaint, Defendant M2MEDICAL, INC., (hereinafter referred to as Defendant (M2MEDICAL), was a California corporation qualified to do business in the State of California and doing business in the County of Santa Clara, State of California.

2. At all pertinent times mentioned in this complaint, Plaintiff PHILIPPE ZATTA (hereinafter referred to as ZATTA) was

1 a resident of the County of Santa Clara, State of California.

2    3.   At all pertinent times mentioned in this complaint, the parties to this action resided in the County of Santa Clara, State of California.

   4.   The acts alleged herein occurred in the County of Santa Clara, State of California.

   5.   Plaintiff filed a timely discrimination charge against defendant M2MEDICAL with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under Title VII of the Civil Rights Act of 1964, as follows: Plaintiff filed the charge with the EEOC within 300 days of the occurrence of the violations alleged. On January 24, 2008, plaintiff received notice that the EEOC had terminated its proceedings on plaintiffs charge and Plantiff was issued a right-to-sue letter.

### FIRST CAUSE OF ACTION

[Employment Discrimination, Harassment and Retaliation Based on Race, Color and National Origin in Violation of Title VII of the Civil Rights Act of 1964 as amended, The Civil Rights Act of 1991, 42 U.S.C. 1981, Government Code Section 12940(a)]

   As a first cause of action, Plaintiff complains against Defendant Corporation and DOES and for a cause of action alleges:

   6.   Plaintiff hereby incorporates by reference Paragraphs 1 through 6 of this complaint as if fully set forth herein.

   7. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964 as amended, The Civil Rights Act of 1991, 42 U.S.C. 1981, Government Code Section 12940(a) et seq., to obtain relief for plaintiff ZATTA for discrimination in employment by defendant against plaintiff because of plaintiff's race, national origin and color. Plaintiff ZATTA alleges that defendants abused, harassed, retaliated against and terminated

him from his position because of plaintiff's race, national origin and color, in violation of Title VII of the Civil Rights Act of 1964 and the aforementioned code sections. By this action, plaintiff ZATTA seeks the following relief, under Title VII of the Civil Rights Act of 1964 for the discriminatory treatment of plaintiff: monetary relief, including back pay, front pay, compensatory and punitive damages, attorney's fees and costs of suit, and injunctive relief, consisting of an order requiring defendant to hire and allow individuals of African ancestry to work at their company free of harassment and discrimination.

8. Plaintiff Philippe Zatta, Ph. D., worked as a systems engineer at M2Medical. He was an exemplary employee and even received an award from Defendants for his outstanding work. While at M2Medical, Plaintiff was subjected to harassment and discrimination based on his race, color and national origin (African) by his co-worker Steve Miller. Miller mocked Plaintiff, making comments about how Blacks had "strong muscles but no brain" and declaring that Blacks were good at sports but not good at things like math and engineering. Mr. Miller harassed Mr. Zatta on an almost daily basis by subjecting him to racist remarks and questioning his academic credentials. He also declared that he could not trust a Black engineer.

9. Plaintiff reported this racial harassment to the Vice President of Engineering, Rajan Patel on a number of separate occasions. He also reported it to M2Medical's Director of Human Resources. Instead of addressing the issues raised they ignored Plaintiff's concerns, and instead of admonishing or firing

Miller, they retaliated against Plaintiff by promoting Mr. Miller and forcing Plaintiff to report to him.

10. Vice President of Engineering Rajan Patel overlooked Miller's racist behavior because Patel also had a history of discriminatory behavior and of making racially offensive and discriminatory remarks about minority immigrant employees. Patel regularly called the Director of Manufacturing, Samir Erras, a "Terrorist" because he was an Arab immigrant. Once after a company ping pong game between Mr. Erras and a Jewish employee, Patel declared with glee that "The Terrorist" had lost a game to a Jew. Patel stated that he hoped the terrorist didn't return with a bomb and blow up M2Medical. On another occasion, in response to questions about Mr. Erras, Patel told Thom Wehman, "Well, what do you expect? He's from the Middle East."

11. Plaintiff and other minority, immigrant engineers at M2Medical were treated far differently that their non-immigrant Caucasian counterparts. The discriminatory attitudes exhibited by upper management ratified and encouraged the harassment Plaintiff endured while at M2Medical. After complaining about the abuse they received they were singled out, scrutinized and subjected to unfair, retaliatory and discriminatory harassment. Management did not afford Plaintiff or other minority engineers (Mr. Erras, the Director of Manufacturing and Mr. Luis Berga, a Puerto Rican Engineer who served as V.P. of Operations) the respect and support that their non-minority, non-immigrant counterparts received. When Plaintiff asked to work with Erras, Patel asked him "Aren't you afraid of Arabs?" Patel also told Plaintiff that Erras could not be trusted. Luis Berga was also discriminated

against because he was Puerto Rican and had an accent. Berga was ignored and isolated by management who went out of their way to make it difficult for Berga to do his job. When these tactics proved ineffective, management resorted to directing profane verbal abuse at Berga in an effort to humiliate him. This sort of demeaning behavior occurred at every level of management. On one occasion, Dr, Thom Wehman, M2Medical's Director of Regulatory Affairs and Quality Assurance, overheard M2Medical's CEO Jim Causey throw out the mocking comment "Yeah, and he (Plaintiff Zatta) smells bad too." after someone had made a completely unrelated comment about Plaintiff. It shocked Dr. Wehman to see Plaintiff treated with such disrespect, because Dr. Wehman had first-hand knowledge of the fact that Plaintiff was an excellent engineer who was eminently qualified and extremely hard working.

12. After Plaintiff, Berga and Erras complained about discriminatory treatment at the company, management targeted them for termination and retaliated against them. Even though Plaintiff, Berga and Erras had totally different jobs and areas of responsibility, management leveled suspiciously-similar, unfounded accusations of wrongdoing at all three of these engineers before terminating them for clearly pretextual reasons.

13. At all times relevant herein, defendant Corporation has been an employer, in that defendant is engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more weeks in 2007 and 2008.

14. Jurisdiction of the subject matter of this action is established in this court by the Title VII of the Civil Rights Act of 1964. This is the proper venue for this action in that

the discriminatory employment practice alleged herein was committed within this court's judicial district.

15. The discriminatory actions of defendant as set forth in the Paragraphs, above, have caused and will continue to cause plaintiff to suffer losses of earnings.

16. As a further proximate result of defendant's unlawful and intentional discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible loss of such employment-related opportunities such as experience in the position from which plaintiff was excluded. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

17. As a further proximate result of defendant's unlawful and intentional discriminatory action(s) against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

18. The above-recited actions of defendant were done with malice and/or with reckless indifference to plaintiff's rights. Furthermore, Defendant's conduct warrants the assessment of punitive damages in an amount sufficient to punish defendant and deter others from engaging in the same or similar misconduct.

19. Plaintiff has no adequate remedy at law to secure relief for the failure by defendant to provide plaintiff with a safe and harmonious employment, and if this court does not enter an order

compelling defendant to do so, plaintiff will be irreparably injured.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For front pay and/or future lost earnings;

2. For compensatory damages according to proof;

3. For punitive damages in an amount appropriate to punish defendant and deter others from engaging in similar misconduct;

4. For injunctive relief, including but not limited to an order compelling defendant to hire and allow individuals of African ancestry to work at their company free of harassment and discrimination, and for all other injunctive relief required to make plaintiff whole for the losses caused by the violations of defendant;

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to the remedies set forth in Title VII of the Civil Rights Act of 1964, as amended; and

6. For such other and further relief as the court deems proper.

Respectfully Submitted,

Dated: August 28, 2008

By: _____
ISRAEL G. RAMIREZ, ESQ.
Attorney for the Plaintiff
PHILIPPE ZATTA

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all of the issues.

Dated: August 28, 2008      Respectfully Submitted,

By: _____
ISRAEL G. RAMIREZ, ESQ.
Attorney for the Plaintiff
PHILIPPE ZATTA